UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>v.<br><br>FRANCISCO FRANCESCHINI,<br>    *Defendant.* | No. 3:21-cr-0141 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Francisco Franceschini ("Defendant") filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Mot. to Reduce Sentence, ECF No. 85 (Nov. 27, 2023) ("Mot."). Appointed counsel for Mr. Franceschini filed a supplemental motion to reduce his sentence. Supplemental Mot. to Reduce Sentence, ECF No. 88 (Jan. 2, 2024) ("Supp. Mot.")

The Government filed a response opposing any reduction of sentence. Memorandum in Opposition re Mot. to Reduce Sentence, ECF No. 90 (Jan. 12, 2024) ("Response").

For the reasons set forth below, Mr. Franceschini's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**I.    BACKGROUND**

On March 21, 2022, Mr. Franceschini plead guilty to Counts One and Two of the indictment in this case, Unlawful Possession of a Firearm by a Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Plea Agreement, ECF No. 55 (March 18, 2022).

On July 27, 2022, the Court sentenced Mr. Franceschini to a term of 55 months' imprisonment on each count, to be served concurrently, and to be followed by 3 years' supervised release on each count, to run concurrently. Judgment, ECF No. 76 (July 27, 2019).

1

On November 27, 2023, Mr. Franceschini filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c). Mot.

On December 12, 2023, the Probation Office filed a supplement to the presentence investigation report in reference to Mr. Franceschini's motion. Presentence Investigation Report (Supplement – Amendment 821), ECF No. 87 (Dec. 12, 2023) ("PSR Supp.").

On January 2, 2024, appointed counsel for Mr. Franceschini filed a supplemental motion to reduce his sentence. Supp. Mot.

On January 12, 2024, the Government filed a response to Mr. Franceschini's motion. Response.

## II.  STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)[,] and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). A

reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing, *Dillon*, 560 U.S. at 827, and generally, courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range." *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

### III.  DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part A of Amendment 821 modified the calculation of 'status points' added to a defendant's criminal history score under U.S.S.G. § 4A1.1. . . . Amendment 821 eliminated [subsection 4A1.1(d)] and replaced it with the following provision: 'Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.'" *United States v. Lucas*, No. 22-CR-290 (MKB), 2024 WL 3718658, at *2 (E.D.N.Y. Aug. 8, 2024) (quoting U.S.S.G. § 4A1.1(e)).

Mr. Franceschini argues that under the amendment, he would receive one less status point, reducing his criminal history points from 18 to 17. Supp. Mot. at 2. While Mr. Franceschini recognizes that this change would not affect his Criminal History Category and guidelines range, he nonetheless asks the Court to consider reducing his sentence. *Id.* at 3. Specifically, he requests that the Court re-sentence him to a sentence at the lower end of his guidelines range of 51 to 63 months. *Id.*

The Government argues that Mr. Franceschini is ineligible for a sentence reduction because Amendment 821 has no effect on his Criminal History Category, and that his sentence is

already a downward departure from the crack cocaine guidelines range of 96 to 115 months. Response at 3. Specially, the Government states that while Mr. Franceschini would have 17 instead of 18 total criminal history points, his Criminal History Category would remain VI and his guidelines range would remain unchanged. *Id.* at 4. The Government also argues that the Court granted a downward variance from the 92-to-115-month guidelines range at his original sentencing—instead handing down a term of 55 months—making it impermissible for the Court to further lower his sentence. *Id.* at 6.

The Probation Office also states that Mr. Franceschini is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821, Part A. PSR Supp. at 1.

The Court agrees with them.

Amendment 821 does not change Mr. Franceschini's overall Criminal History Category of VI. PSR Supp. at 2. Thus, Mr. Franceschini's guidelines range remains 51 to 63 months. *Id.* Under U.S.S.G § 1B1.1, the Court may not reduce a term of imprisonment when "the amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.1(a)(2)(B); *see, e.g.*, *United States v. Teron*, 371 Fed. App'x 235, 236 (2d Cir. 2010) ("The district court correctly determined that Lorenzo is ineligible for a sentence reduction pursuant to section 3582(c)(2), because his Guidelines range following the revisions in Amendment 706 is in fact unchanged.").

Accordingly, the Court will not reduce Mr. Franceschini's sentence.

## IV. CONCLUSION

For the reasons explained above, Mr. Franceschini's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

Case 3:21-cr-00141-VAB    Document 91    Filed 02/28/25    Page 5 of 5

5

**SO ORDERED** at New Haven, Connecticut, this 28th day of February, 2025.

                                                                                 /s/ Victor A. Bolden
                                                                                 Victor A. Bolden
                                                                                 United States District Judge